JODI LINKER
Federal Public Defender
Northern District of California
ANA BOTELLO AZ State Bar #030528
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:   (415) 436-7700
Facsimile:   (415) 436-7706
Email:       ana_botello@fd.org

Counsel for Defendant Miguel Angel Villa Vivar

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIGUEL ANGEL VILLA VIVAR,<br><br>Defendant. | Case No.: 25-MJ-70348<br><br>**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR PRETRIAL DETENTION (DOC. 7) AND COURT ORDER FOR BRIEFING (DOC. 8)**<br><br>**Continuation of Detention Hearing Set for April 3, 2025 before MJ Cisneros at 10:30a.m.** |

     Mr. Miguel Angel Villa Vivar, hereafter "Mr. Villa Vivar" is scheduled for a continuation of his Detention Hearing on April 3, 2025 before Magistrate Judge Cisneros. On April 2, 2025, through Assistant United States Attorney Colin Sampson, the government asked that Mr. Villa Vivar be detained pursuant to 18 U.S.C. §3142(d) of the Bail Reform Act, hereafter "BRA". This Response is filed to both supplement Defendant's oral responses, proffers and presentations of evidence to the Government's Motion for Detention (Doc. 7) and in Response to the Court's Order (Doc. 8) requiring briefing as to 18 U.S.C. §3142(d) and the Oregon case referenced by defense counsel, *United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167 (D. Or. 2012).

**Defendant's Response to Government's Motion For Pretrial Detention (Doc. 7) and Court Order For Briefing (Doc. 8)**

I. **18 United States Code Section 3142 of the Bail Reform Act of 1984**

"In General—Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be—
(1) released on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b) of this section;
(2) released on a condition or combination of conditions under subsection (c) of this section;
(3) temporarily detained to permit revocation of conditional release, deportation, or exclusion under subsection (d) of this section; or
(4) detained under subsection (e) of this section.

18 U.S.C. §3142(a)

In turn, 18 U.S.C. §§3142(d)(1)(B), [1] and (2) of the BRA states that:
If the judicial officer determines that—
(1) such person—
(B) is not a citizen of the United States or lawfully admitted for permanent residence, as defined in section 101(a)(20) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(20)); **and** (emphasis added)
(2) *such person may flee or pose a danger to any other person or the community*; (emphasis added)

such judicial officer shall order the detention of such person, for a period of not more than ten days, excluding Saturdays, Sundays, and holidays, and direct the attorney for the Government to notify the appropriate court, probation or parole official, or State or local law enforcement official, or the appropriate official of the Immigration and Naturalization Service. If the official fails or declines to take such person into custody during that period, such person shall be treated in accordance with the other provisions of this section, notwithstanding the applicability of other provisions of law governing release pending trial or deportation or exclusion proceedings. If temporary detention is sought under paragraph (1)(B) of this subsection, such person has the burden of proving to the court such person's United States citizenship or lawful admission for permanent residence.

II. **The government fails to meet its burden of showing that Mr. Villa Vivar may flee or pose a danger to any person or the community under 18 U.S.C. §§3142(d)(2)**

"On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk." *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015). Any doubts regarding the propriety of pretrial

---

[1] 18 U.S.C. §3142(d)(1)(A) is inapplicable as Mr. Villa Vivar did not commit the instant offense while on any type of release pending trial or imposition of a sentence or on parole.

25-MJ-70348 DEFENSE DETENTION MEMORANDUM 2

release are to be resolved in favor of the defendant. *See United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990). The BRA further directs a district court to assess a variety of factors in determining whether there are conditions which would reasonably assure the defendant's presence. *See* 18 USC § 3142(g). These include the history and characteristics of the defendant, the weight of evidence, and the nature and circumstances of the offense charged. *Id.*.

Notably, "immigration status is not a listed factor," and while "[a]lienage may be taken into account, [ ] it is not dispositive." *Santos-Flores*, 794 F.3d at 1090 (citing *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985) (finding that, under the circumstances of that case, the factor of alienage "does not tip the balance either for or against detention")). Even if the government proves that a person is an alien (not a citizen or permanent resident of the United States), a determination that the alien may flee or pose a danger—voluntary acts—is ***required*** to impose even this temporary detention pursuant to 18 USC § 3142(d). (Emphasis added). *Id.* at 1091. The fact that a person may be deported while criminal proceedings are ongoing does not deem them a flight risk, as flight risk involves "voluntary acts." *Id.* at 1091. Furthermore, the existence of an ICE hold or detainer in it of itself cannot be the sole basis for which to detain someone. *Id.* at 1092.

**III.**     ***United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167 (D. Or. 2012)**

Through counsel, Mr. Villa Vivar, asserted that *United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167 (D. Or. 2012) was applicable in this case as the Oregon district court explicitly addresses Section 3142(d) (in much the same way as *Santos-Flores)* as providing, that only "if the judicial officer determines **both**: (1) that the person is a noncitizen of the United States (or lawful permanent resident), ***and*** (emphasis added) that 'such a person may flee or pose a danger to any other person or the community,' then the judicial officer shall order the *temporary* (emphasis in original) detention of such a person" in order for the attorney for the government to notify the appropriate immigration official. *Trujillo-Alvarez*, 900 F. Supp. 2d at 1174 (D. Or. 2012). *See also United States v. Stepanyan,* 3:15CR00234CRB, 2015 WL 4498572 at 3, note 4 (N. Cal. 2015), where NortherN California District Court Judge Breyer agrees with *Trujillo* that nothing permits ICE to disregard the Bail Reform Act by keeping someone in

detention for the purpose of delivering him to trial when the Bail Reform Act itself does not authorize such pretrial detention.

In this case, the government has met only the first condition of its burdens pursuant to 18 U.S.C. §§3142(d)(1)(B), and (2) in presenting documents to the Court proving that Mr. Villa Vivar is not a United States citizen or legal permanent resident. The defense does not contest, for the purposes of this detention hearing only, that Mr. Villa Vivar is not a citizen or permanent resident of the United States. However, the government has failed to meet their burden of proving that Mr. Villa Vivar is either a flight risk or a danger to the community.

As noted in Mr. Villa Vivar's arguments before the Court today: Mr. Villa Vivar has been a member of this community (Sonoma County) since he was five years old—his parents and siblings reside here and have all attained some type of immigration status. However, because of Mr. Villa Vivar's gang involvement as a teenager, he jeopardized his own immigration status. Nevertheless, all of Mr. Villa Vivar's social and employment ties are in this district. His only tie to Mexico is his grandmother (age 94) whom he has not seen in decades.

Despite knowing of these charges since November of 2024 (albeit in state court), Mr. Villa Vivar has not changed residence nor employment. He continues to reside with his parents and sister in the same home he's lived in for years. He continues to work at the same place he has worked for the past 18 years. Despite having $5,000+ dollars in his bank account, he has not attempted to remake his life anywhere else despite these pending charges. Indeed, despite having several misdemeanor arrests (mostly for driving without a license), Mr. Villa Vivar has never had a failure to appear charge at any proceedings he has ever been involved in.

In regards to Mr. Villa Vivar being a danger to another person or the community, Mr. Villa Vivar reiterates that he has not had any gang involvement since he was a teenager. His boss, who spoke at the April 2nd, 2025 hearing, indicated that in the 18 years Mr. Villa Vivar had worked for him, he saw no indicia of gang activity. His sister, Maricela Villa Vivar, who will be present at the April 3rd hearing, can proffer that Mr. Villa Vivar's gang activity ended when he was a teenager. Possession of a firearm and ammunition, the offense Mr. Villa Vivar is charged with, is not inherently a crime of violence nor poses a risk to the community—

especially when the only gun, and ammunition that Mr. Villa Vivar owned has been seized by law enforcement. Mr. Villa Vivar has no history of committing any violent offenses. Accordingly, the government has failed to meet their burden that Mr. Villa Vivar is a danger to another person or the community.

In conclusion, this Court should release Mr. Villa Vivar on the conditions proposed by Pretrial Services. The Court indicated an interest in having Mr. Villa Vivar perhaps post a $5,000 secured bond and that his family post $2,500, also as a secured bond, which Mr. Villa Vivar is able to post. While Mr. Villa Vivar would preferred to be released on the proposed $50,000 unsecured bond, Mr. Villa Vivar is prepared to post the $7,500 secured bond, but respectfully requests two weeks to post this bond for the reasons that his family does not easily have access to his own personal funds, but also in case he is taken into Immigration and Customs Enforcement custody (which neither he nor this Court would have any control over), this should happen within the two week window of time and before his family is personally impacted by decisions that he has no voluntary control over.

*Trujillo* also addresses that while the executive branch has the power to decide whether and when to prosecute or deport an individual, the judiciary, through its "inherent supervisory powers" may decide to dismiss with prejudice charges if the government makes a defendant unavailable. *Trujillo-Alvarez*, 900 F. Supp. 2d at 1180.

For all the reasons mentioned herein, this Court should release Mr. Villa Vivar under Pretrial Service's proposed conditions to include an unsecured $50,000 bond.

RESPECTFULLY SUBMITTED.

April 1, 2025
Dated

JODI LINKER
Federal Public Defender
Northern District of California

/S
ANA BOTELLO
Assistant Federal Public Defender